IN THE MATTER OF KENNETH MAURICE SAMUELS

No. 7826DC124

(Filed 20 June 1978)

**Infants § 20— juvenile delinquent—disposition of case not deferred—no error**
    Where the trial court adjudicated the juvenile defendant delinquent but initially deferred disposition pending receipt of a social summary from a court counselor and announced the conditions of defendant's probation, whereupon

defendant openly informed the court that he would not comply with those con-
ditions, the court's ensuing entry of disposition committing defendant to train-
ing school was proper.

APPEAL by juvenile from *Lanning, Judge.* Judgment entered
21 September 1977 in District Court, MECKLENBURG County.
Heard in the Court of Appeals 31 May 1978.

Defendant was charged in a juvenile petition with being a
delinquent child, as defined by G.S. 7A-278(2), for the reason that
he unlawfully and wilfully attempted to break and enter a certain
building in Charlotte on or about 30 June 1977. At the hearing,
the State amended the petition to allege misdemeanor breaking.
The juvenile defendant, through counsel, indicated that he wished
to admit guilt of the charges included in the amended petition.
After the court thoroughly advised the juvenile defendant of the
consequences of his admission, the defendant did, of his own free
will, admit the charge.

The court then received an unsworn statement of facts from
a State's witness and, based upon such testimony and the defend-
ant's admission, found beyond a reasonable doubt that defendant
did in fact commit the offense as charged.

The court adjudicated the juvenile defendant delinquent but
initially deferred disposition, placing defendant on probation
pending receipt of a social summary from a court counselor. As a
condition of his probation, defendant was to reside with his
mother and obey her rules and regulations. At this point, defend-
ant informed the court that he was living with his thirty-one (31)
year old girl friend and would not return home. The court then
struck the probation, proceeded with defendant's disposition and
committed him to training school. The court denied counsel's re-
quest to defer disposition. Juvenile defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney
General Ann Reed, for the State.*

*Assistant Public Defender Ann C. Villier, for the defendant.*

MARTIN, Judge.

In the only assignment of error brought forward, defendant
contends that the court erred in refusing to defer his disposition

pending receipt of further information. He argues that G.S. 7A-285 contemplates the separation of the adjudicatory and dispositional phases of juvenile cases for the very purpose of allowing the court to secure such information as is necessary "to develop a disposition related to the needs of the child. . . ." While we agree that G.S. 7A-285 does allow the court, *in its discretion,* to continue a juvenile case pending receipt of pertinent information, we cannot find any abuse of discretion in the court's refusal to defer disposition in the instant case. In fact, the court initially set out to defer disposition of defendant's case and had announced the conditions of defendant's probation. It was at this point that defendant openly informed the court that he would not comply with these conditions. The court's ensuing entry of disposition committing defendant to training school was proper under the circumstances of this case.

No error.

Judges MORRIS and VAUGHN concur.